UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUELA LOURDES V.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:18-cv-02157-AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

Plaintiff Manuela Lourdes V. filed this action seeking review of the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. The matter is now ready for decision.

**BACKGROUND**

In June 2012, Plaintiff applied for disability insurance benefits and

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

supplemental security income, alleging disability beginning April 15, 2008. Her applications were denied initially and on reconsideration. Hearings took place on January 14, 2014 and August 16, 2016 before an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel. and a vocational expert ("VE") testified at both hearings. (Administrative Record ["AR"] 40-118.)

In a decision dated November 3, 2016, the ALJ found that Plaintiff suffered from the following severe impairments: Obesity, carpal tunnel syndrome, degenerative disc disease, myofascial pain of the cervical, thoracic, and lumbar spine; and status post-surgical right shoulder. (AR 22.) The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of sedentary work. (AR 23.) Relying upon the testimony of the VE, the ALJ found that Plaintiff was capable of performing her past relevant work as an order clerk. (AR 27.) Accordingly, the ALJ determined that Plaintiff was not disabled. (AR 28.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUE**

Whether the ALJ properly classified Plaintiff's past relevant work.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's

conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Plaintiff contends that the ALJ improperly classified her past relevant work as that of order clerk, food and beverage (DOT 209.567-014). (ECF No. 18 at 3-9.) Therefore, according to Plaintiff, the ALJ's determination that she was able to perform her past relevant work is not supported by substantial evidence.

At Step Four of the sequential evaluation, the claimant bears the burden of showing that she cannot perform her past relevant work. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009); *see Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (claimant has "the burden of proving an inability to return to his former *type* of work and not just to his former job") (emphasis in original). Past relevant work is defined as work that a claimant performed within the last 15 years, which lasted long enough for him or her to learn how to perform, and which amounted to substantial gainful activity. 20 C.F.R. § 404.1565(a). At the same time, the ALJ is obligated to make the requisite factual findings to support a conclusion that the claimant is able to perform her past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). In reaching that determination, the ALJ considers the claimant's RFC and the physical and mental demands of the claimant's past relevant work. *Pinto*, 249 F.3d at 844-845.

Social security regulations name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82-61, and the claimant's own testimony, SSR 82-41, 1982 WL 31389 (Jan. 1, 1982). *See Pinto*, 249 F.3d at 845. The best source for how a job is generally performed is usually the Dictionary of Occupational Titles ("DOT"). *Pinto*, 249 F.3d at 845-846; *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

As the parties agree, the evidence regarding Plaintiff's work as an order clerk is limited. (ECF No. 18 at 4; ECF No. 19 at 3.)[2] Plaintiff testified that she worked for Family Tree Produce for approximately six weeks. She explained her job duties as "taking orders over the phone, produce." (AR 64.) The VE asked Plaintiff about her job at Family Tree Produce, and Plaintiff responded that she "just had to answer phones" regarding produce delivery. (AR 67.) Based upon this information, the VE classified Plaintiff's work as: order clerk, food and beverage. DOT 209.567-014. (AR 68.)[3] When presented with a hypothetical individual with Plaintiff's RFC, the VE testified that she could perform her past work as "order clerk, telephone order clerk, food." (AR 71-73.) Based upon the foregoing, the ALJ found that Plaintiff retained the ability to perform her past relevant work as an order clerk. (AR 27-28.)

Plaintiff argues that her work at Family Tree Produce does not match the occupation identified by the VE. The DOT defines the duties of order clerk, food and beverage as follows:

> Takes food and beverage orders over telephone or intercom system and records order on ticket: Records order and time received on ticket to ensure prompt service, using time-stamping device. Suggests menu items, and substitutions for items not available, and answers questions regarding food or service. Distributes order tickets or calls out order to kitchen employees. May collect charge vouchers and cash for service and keep record of transactions. May be designated according to type of order handled as Telephone-Order Clerk, Drive-In (hotel & rest.); Telephone-Order Clerk, Room Service (hotel & rest.).

DOT 209.567-014, 1991 WL 671794.

---

[2] Plaintiff filled out a work history report, but that report was incomplete. (*See* AR 401-408.)

[3] Plaintiff's counsel objected to the VE's inclusion of order clerk as past relevant work based upon the "limited nature" of her earnings. (AR 76.) He did not object to the VE's DOT classification.

Plaintiff does not identify substantive differences between her duties at Family Tree Produce and the duties contemplated by the order clerk, food and beverage occupation. Instead, Plaintiff argues that the job identified by the VE is "incorrect" because the DOT description contemplates work performed at a hotel or restaurant but Plaintiff's job at Family Tree Produce was not in such a setting. (ECF No. 18 at 6.) According to Plaintiff, the "correct" DOT is the occupation of order clerk. DOT 249.362-026, 1991 WL 672320.[4]

The occupation identified by Plaintiff, however, requires tasks such as entering data into a computer, calculating costs, informing customers of unit prices, shipping dates, anticipated delays; writing, typing, and recording orders. Plaintiff does not allege, and nothing in the record suggests, that her job at Family Tree Produce involved any of these tasks.

Moreover, while the occupation identified by the VE may not be a precise match with Plaintiff's job at Family Tree Produce, it is entirely consistent with Plaintiff's own description of her job as answering phones and taking produce orders.[5] Although Plaintiff did not perform her duties in the setting of a restaurant or hotel, she cites no authority for the proposition that the variation in setting necessarily precludes the conclusion reached by the VE. Furthermore, it was Plaintiff's burden to establish the duties of her past relevant work, and nothing in the record suggests

---

[4] The DOT defines that job as:

> Processes orders for material or merchandise received by mail, telephone, or personally from customer or company employee, manually or using computer or calculating machine: Edits orders received for price and nomenclature. Informs customer of unit prices, shipping date, anticipated delays, and any additional information needed by customer, using mail or telephone. Writes or types order form, or enters data into computer, to determine total cost for customer. Records or files copy of orders received according to expected delivery date.

DOT 249.362-026, 1991 WL 672320.

[5] The Court notes that the job of order clerk, food and beverage falls under the broad occupational group arrangement of "clerical and sales occupations." *See* DOT 209.567-014.

that her duties substantially differ from the description in the occupation of order clerk, food and beverage.

On this record, it was not unreasonable to conclude that Plaintiff's duties at Family Tree Produce – answering phones and taking orders for produce – were equivalent to the job of order clerk, food and beverage. *See, e.g., Dawn H. v. Berryhill*, 2019 WL 281289, at *5-6 (D. Or. Jan. 22, 2019) (rejecting claim that ALJ relied upon incorrect DOT occupation as past relevant work because the plaintiff's work scanning and sorting student loan applications and making sure there were no staples or paperclips was "analogous" to the occupation of document prepared identified by the VE and because plaintiff failed to establish that the duties of her past relevant work differed substantially from the DOT description); *cf. J.A.G. v. Berryhill*, 2018 WL 6819312, at *6-8 (C.D. Cal. Dec. 27, 2018) (ALJ's determination was not supported by substantial evidence where the plaintiff's past relevant work – consisting of making burritos and salsa and lifting thirty-pound loads of food items – but the VE classified that work as "production worker, food" under a DOT description that concerned assembly of such things as tractor radiators, blower wheels, refrigerators, or gas stoves). Consequently, substantial evidence supports the determination that the job identified by the VE and relied upon by the ALJ is equivalent to the job Plaintiff actually performed at Family Tree Produce and, therefore, qualifies as past relevant work. *See Coehoorn v. Berryhill*, 2017 WL 1407636, at *7 (C.D. Cal. Apr. 19, 2017) ("In other words, if substantial evidence supports the finding that a job identified by the VE and relied upon by the ALJ is equivalent as 'generally performed' to the PRW, a denial at step four may be upheld."); *see also Parker v. Astrue*, 384 F. App'x 596, 598 (9th Cir. 2010) (substantial evidence supported the ALJ's finding that claimant was a "Collection Clerk" or "bank collector," as that occupation is defined in the Dictionary of Occupational Titles).

Finally, Plaintiff argues that, "at a minimum, there exists a conflict between the VE and DOT" and that the ALJ failed to resolve that conflict. (ECF No. 18 at 7.) Plaintiff does not contend – nor could she in light of the record – that the VE's opinion regarding the duties required by the job of order clerk, food and beverage conflicted with the DOT description of that job. Rather, the "conflict" identified by Plaintiff is the difference between the VE's opinion that Plaintiff's past work is properly classified as order clerk, food and beverage under DOT 209.567-014 and Plaintiff's opinion that her past work is better classified as order clerk under DOT 249.362-026. In short, Plaintiff disagrees with the occupation identified by the VE. But this is not a "conflict" between the VE's testimony regarding the duties of an occupation and the DOT's description of those duties. Accordingly, the law regarding resolution of apparent conflicts in VE testimony is inapplicable here and does not provide a basis for reversal of the ALJ's decision. *See generally Gutierrez v. Colvin*, 844 F.3d 804, 806-807 (9th Cir. 2016) (if a VE's opinion that a claimant is able to perform work "conflicts with, or seems to conflict with, the requirements listed in the Dictionary, then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled").

**ORDER**

For the foregoing reasons, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 4/15/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE